C. E. GRAHAM, Plaintiff-Appellant,

v.

Bruce CLARK and Murrell Denton,
Defendants-Appellees.

No. 15454.

United States Court of Appeals
Sixth Circuit.

May 22, 1964.

Robert C. Carter, Glasgow, Ky. (Carroll M. Redford, Glasgow, Ky., on the brief), for appellant.

Robert D. Simmons, Bowling Green, Ky. (Robert M. Coleman, Coleman, Harlin & Orendorf, Bowling Green, Ky., Morris Butler, Greensburg, Ky., on the brief), for appellees.

Before CECIL, O'SULLIVAN and EDWARDS, Circuit Judges.

CECIL, Circuit Judge.

The plaintiff-appellant brought this action in the United States District Court for the Western District of Kentucky to rescind the sale of two oil and gas leases. The sole question presented on this appeal is whether the sale of these leases constituted a sale of a security under the Securities Act of 1933 (Sections 77b, 77e and 77$l$(1), Title 15, U. S.C.), and as such was required to be registered. Since there was no registration, the appellant claims that the transaction may be rescinded within one year. (Section 77m, Title 15, U.S.C.) The district judge held that it was not a security within the meaning of the Act. We will refer to the parties as plaintiff and defendants, as they were in the trial court.

On November 24, 1959, the defendants sold and assigned to the plaintiff two oil leases of which they were the joint owners. One lease included forty-two acres of land, more or less, upon which there were twenty-one operating wells. The other lease was for approximately twenty acres of land upon which there were eight operating wells. The assignment and transfer included all of the equipment and personal property on the leased land used in connection with the operation of the wells. The consideration was the payment of $72,500 in cash and the reservation to the defendants of an oil payment in the sum of $52,500 to be paid out of ¼ of the working interest in the two leases.

Section 77b(1), Title 15, U.S.C., so far as is applicable to this case, defines a security as "any * * * fractional undivided interest in oil, gas, or other mineral rights, * * *" Counsel for the plaintiff say that, as applicable here, there are two elements necessary to render a transfer of oil and gas rights a security:

"1. There must be a splitting of the interest owned by the seller, which is,

"2. Connected with, or for the purpose of, a sale thereof."

In support of this test, counsel claim that the defendants split their ownership by reserving to themselves one quarter of the working interest until $52,500 had been paid to them. Counsel concede that the transfer of all of one's interest in and to a specific oil and gas lease is not a security within the meaning of the Act. Roe v. United States, 287 F.2d 435, 437, C.A. 5, cert. den., 368 U.S. 824, 82 S.Ct. 43, 7 L.Ed.2d 29, Woodward v. Wright, 266 F.2d 108, C.A. 10.

Counsel for the plaintiff say that the Woodward case, supra, is controlling in the case now before us. There is a vital distinction in the facts between the Woodward case and our case. There the ultimate effect of the conveyance was a splitting of the entire interest assigned. A $^{15}\!/_{16}$ interest was sold for the sum of $40,000, $25,000 to be paid in cash and the balance within two years, secured by a mortgage on the property. The contract specifically provided that the sellers would deliver to the escrow agent assignments in the lease "to such parties and in such fractions as may be named by the parties of the second part." Assignments for various fractional interests in the oil and gas lease were, in fact, issued to at least seven participants.

We have no such situation in this case. The sale was to the plaintiff with no resale or assignment of any part of his interest either actually made or contemplated. The written instrument of assignment by which the leases in question were sold and transferred to the plaintiff by the defendants purports to and does convey all of the right, title and interest of the defendants in the leases to the plaintiff.[1] The defendants under the terms of sale had no control, no right of entry and no voice in the operation. The oil payment to be paid out of ¼ of the working interest in the two leases was a part of the consideration for the sale. We agree with the trial judge that the transaction in question here cannot be distinguished from a sale subject to a vendor's lien to secure the payment of a deferred consideration.

We conclude that the sale of the oil leases herein did not constitute the sale of a security within the meaning of the Securities Act.

The judgment of the District Court is affirmed.

---

1. The transfer was subject to a $\frac{1}{32}$ overriding royalty interest of Walter Chenault in the 42-acre lease. The defendants' interest was also subject to this royalty interest.