**Walston A. LYNN et al., Appellants,**

**v.**

**J. W. CARAWAY et al., Appellees.**

**No. 24046.**

United States Court of Appeals
Fifth Circuit.

July 5, 1967.

944

Jackson B. Davis, Robert J. Moffatt, Shreveport, La., for appellants.

Marion K. Smith, Shreveport, La., L. E. Colvin, Mansfield, La., Sidney E. Cook, Frank M. Cook, Shreveport, La., for appellees.

Before BELL and GODBOLD, Circuit Judges, and NOEL, District Judge.

PER CURIAM:

This is an appeal from a judgment entered in favor of the appellees Caraway and Jones in an action filed in federal district court to rescind a contract for the sale of certain fractional undivided interests in an oil and gas lease, referred to herein as the Stevenson lease. The district court found for the appellants against a third defendant, M. L. Allison, who is not a party to the appeal.

Appellants contend that said interests were unregistered securities transferred in violation of the registration requirements of the Securities Act of 1933, 15 U.S.C. §§ 77l (1) and 77o, and that there was fraud and misrepresentation in the sale of the securities in violation of the Act, 15 U.S.C. §§ 77l (2) and 77q. They also contend that the transaction violated the general law of fraud in Louisiana, Louisiana Civil Code of 1870, articles 1847 and 2547.

The facts have been fully stated by the district court in a light most favorable to the appellants. Lynn v. Caraway, 252 F.Supp. 858 (W.D.La.1966). After a thorough examination of the record, we are of the opinion that the district court's findings of fact are not clearly erroneous, and that the conclusions of law are supported by the cases considered persuasive by this court. The judgment of the district court is, therefore, affirmed. One matter, however, merits clarification.

◼ In its opinion, the district court found that Jones had sold all of his interest in the Stevenson lease to Allison, and held that he had not issued a security because he had not created a fractional undivided interest in the Stevenson lease.[1] A seller may, as the appellants contend, transfer his whole interest in oil, gas, or

1. The district court denominated the interest sold by Jones to Allison as a working interest. "Working interest" and "interest in an oil and gas lease" (Stevenson lease) are substantially synonymous, and, for purposes of this case, it is appropriate to use the terms interchangeably.

other mineral rights and still have transferred an investment contract, also a security under the Act.[2]

■■■ An investment contract is defined as "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party * * *." SEC v. W. J. Howey Co., 328 U.S. 293, 298–299, 66 S.Ct. 1100, 1103, 90 L.Ed. 1244 (1946). See also Roe v. United States, 287 F.2d 435 (5th Cir.), cert. denied, 368 U.S. 824, 82 S.Ct. 43, 7 L.Ed.2d 29 (1961), second appeal, 316 F.2d 617, 620 (5th Cir. 1963). If the purchaser of a seller's whole interest in mineral rights is led to expect a profit from the development of the minerals solely from the efforts of the promoter or a third party, more than a "naked leasehold right" has been transferred, and an investment contract—a security— may have been assigned. SEC v. C. M. Joiner Leasing Corp., 320 U.S. 344, 348, 64 S.Ct. 120, 88 L.Ed. 88 (1943); Roe v. United States, supra.

■ In this case, however, it is apparent that Jones did not assign an investment contract. The district court found that Jones sold his whole interest in the lease to Allison.[3] There is no evidence in the record to support a finding that Jones made any promise or agreement in addition to selling a naked

---

2. The Securities Act of 1933 defines "security" to include an "investment contract * * * [and a] fractional undivided interest in oil, gas, or other mineral rights * * *." 15 U.S.C. § 77b(1). See Roe v. United States, 316 F.2d 617, 620 (5th Cir. 1963).

3. Appellants argue that it was Jones and not Allison who was the owner of the Stevenson lease and who issued the fractional undivided interests therein.

   Appellants contend that Jones owned the lease when the fractional interests were assigned because the transfer from Jones to Allison was neither in writing nor recorded, as required by Louisiana Revised Statutes 9:2721 and Louisiana Civil Code articles 2266, 2276 and 2440, and therefore was void.

   The district court allowed the introduction of parol evidence and an unrecorded counter-letter which established a verbal sale of the lease to Allison, reasoning that the purpose of the evidence was to show the true character of the transaction and the consideration paid for the lease. 252 F.Supp. at 864, n. 11. The Louisiana law is settled that "The rule which forbids the proving of title to real estate by parol evidence is not applicable to evidence which is offered for some other purpose, for which it is relevant and competent, and which relates only collaterally and unavoidably to, and without establishing or affecting the ownership of real estate." Emerson v. Shirley, 188 La. 196, 175 So. 909, 912 (1937).

   This is a suit brought by the appellants to rescind the sale of unregistered securities under the provisions of the Securities Act of 1933. Proving a transfer of ownership in the lease from Jones to Allison for the purpose of determining which party issued unregistered securities is clearly an issue which is collateral to proving title to the lease.

   The appellants also allege that Jones retained the title to the Stevenson lease in his name, assigned the fractional undivided interests therefrom and was the issuer of the securities. The district court found that Jones had completed the sale to Allison prior to the transfers to appellants, and that Jones made the fractional assignments merely as an accommodation to Allison. The finding is not clearly erroneous, and the result is correct. Compare Woodward v. Wright, 266 F.2d 108, 115 (10th Cir. 1959); First Trust & Savings Bank of Zanesville, Ohio v. Fidelity-Philadelphia Trust Co., 214 F.2d 320, 50 A.L.R.2d 1218 (3d Cir.), cert. denied, 348 U.S. 856, 75 S.Ct. 81, 99 L.Ed. 674 (1954); Winter v. D. J. & M. Inv. and Constr. Co., 185 F.Supp. 943 (S.D.Cal. 1960). This does not mean that a seller of mineral rights can avoid the requirements of the Securities Act by making a sham sale to a third party or that he can engage in a practice of selling mineral rights to others with a view to the resale of fractional undivided interest by them. If he does, he may become an issuer or underwriter, thereby subjecting himself to the requirements of the Securities Act of 1933. See Woodward v. Wright, supra, 266 F.2d at 115; Fawcett, Applicability of Federal and State Securities Acts to Sales of Oil and Gas Interests, 17th Ann. Inst. of Oil & Gas Law and Taxation 269 (S.W. Legal Found. 1966); 1 CCH Fed. Sec. L. Rep. para. 1032.

leasehold right; while, on the other hand, the record does disclose that Jones agreed to relinquish control of the lease to Allison. The judgment of the district court will not be disturbed.

Affirmed.