**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Ford M. MacELVAIN and Robert C. MacElvain, individually and doing business as Deep Rock Drilling Company, Opelika, Alabama, Defendants.**

**Civ. A. No. 777-E.**

United States District Court
M. D. Alabama, E. D.
April 17, 1969.

J. Carlton Ivey, Atlanta, Ga., of the Atlanta Regional Office, for plaintiff.

J. Campbell Palmer, III, Charleston, W. Va., and James Noel Baker, Opelika, Ala., for defendants.

PERMANENT INJUNCTION

JOHNSON, Chief Judge.

In this action the Securities and Exchange Commission (Commission) seeks to enjoin permanently Ford M. MacElvain and Robert C. MacElvain, individually and doing business as Deep Rock Drilling Company, from directly and indirectly making use of the means or instruments of transportation or communication in interstate commerce or of the mails, to offer or sell, or to carry or to cause to be carried for the purpose of sale or delivery after sale, certain securities described as "investment contracts" and involving claims to oil, gas or other

mineral rights in submerged lands off the coast of Santa Barbara, California, or any other securities, in violation of Section 5(a) and (c) of the Securities Act of 1933, 15 U.S.C. Section 77e(a) and (c).

Shortly after the Commission filed its complaint, its accompanying motion for a preliminary injunction was set for a hearing. On October 31, 1968, this Court entered a preliminary injunction against defendants which is still in effect. On February 19, 1969, a hearing was held to determine whether a permanent injunction should be granted. This cause is now submitted on that issue; the submission includes testimony adduced at the February 19 hearing, defendants' answers to request for admissions, and exhibits and affidavits previously on file in this Court.

It appears that on or about March 28, 1968, defendants first offered to the public certain underwater mining claims located off the coast of Santa Barbara, California. Defendants' claim to this 500,000 acre tract is by virtue of defendants and six others having filed some 4,000 claims under the provisions of the United States Mining Claim Law of 1872. In early 1968 the United States Department of the Interior leased this land to some major oil companies. Since defendants' claims were filed prior to the leasing, they assert that the Department of Interior has "jumped" their claims.

This first offering was stated to be for the purpose of raising money for an expensive court fight. To this end defendants offered to sell one-sixteenth interests in 285 of the best of the 4,000 claims. The offer made clear that the court fight would inure to the benefit of purchasers of the claims. Defendants have not contested that the first offering violated Sections 5(a) and 5(c) of the Securities and Exchange Act of 1933, as amended, in that the offers constituted an offer to sell an investment contract without registering the offering as required by the Act.

The March 28, 1968, offering came to the attention of the Commission, and the Commission put the defendants on notice of the registration requirements of the Act. As a result, correspondence was exchanged and a conference was held concerning the offering. After the conference counsel for the defendants wrote a letter to the chief counsel for the Commission in Washington, D. C., seeking information concerning certain exemptions from the registration provisions of the Act. Without waiting for a reply to this letter, the defendants commenced a second offering of these mining claims on May 27, 1968. The second offer differed from the first in that the defendants offered one-eighth undivided interests rather than one-sixteenth undivided interests, and the offering letter contained a disclaimer to the effect that no collateral promise was being made to perfect title to the properties.

■ Defendants have contended and continue to contend that the second offering does not involve a "security" within the meaning of Section 2(1) of the Act, but rather, since no one is fractionating an undivided interest in the mining claims, the transaction should be seen as simply an offer to sell real estate. Defendants rely upon Lynn v. Caraway, 252 F.Supp. 858 (W.D.La.1966) and Graham v. Clark, 332 F.2d 155 (6th Cir. 1964). These cases hold that if one transfers outright an entire interest in an oil and gas lease, no sale of a "security" is involved. However, in the order granting a preliminary injunction, this Court held that the second offer impliedly, but quite clearly and definitely, promised the prospective purchaser that the money received through the sale of the lands would be used to contest the Department of Interior's title and that the contest, if successful, would inure to the benefit of all purchasers. Nothing submitted to the Court subsequent to that order suggests that that conclusion was erroneous. The finding of an implied promise brings the second offering well within the definition of an "investment contract" set forth by the Supreme Court in the leading case of Securities and Exchange Commission v.

**1354**

W. J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). As Lynn v. Caraway, supra, and Graham v. Clark, supra, did not involve an implied promise or the creation of an expectation of profits from the efforts of a third party, they are inapposite here.

■ Nor have defendants succeeded in altering this Court's conclusion that injunctive relief is here appropriate. The Commission is charged with the difficult and delicate task of protecting the investing public. Here, the defendants' first offering was concededly illegal. The Commission's efforts to deal with the problems apparent in the second offering on a voluntary and informal basis were met with equivocation and something less than full cooperation. This second offering has been subsequently ruled illegal. As the Second Circuit stated in Securities and Exchange Commission v. Culpepper, 270 F.2d 241, 250 (2d Cir. 1959):

> "Surely the Commission should not be required to keep these appellants under surveillance and to bring a subsequent injunction action if they commence again to sell 'tainted stock.'"

See also Opelika Royal Crown Bottling Co. v. Goldberg, 299 F.2d 37, 44 (5th Cir. 1962).

Accordingly, it is the order, judgment and decree of this Court that Ford M. MacElvain and Robert C. MacElvain, individually and doing business as Deep Rock Drilling Company, Opelika, Alabama, their agents, servants, employees, attorneys, and each of them, be and each is hereby permanently enjoined from, directly or indirectly:

(a) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to offer to sell, through the use or medium of any prospectus or otherwise, investment contracts involving claims to oil, gas and other mineral rights in submerged lands located off the coast of Santa Barbara, California, or any other se-

curities, unless and until a registration statement has been filed with the Securities and Exchange Commission as to such securities;

(b) Making use of any means or instruments of transportation or communication in interstate commerce to sell such securities, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect with the Securities and Exchange Commission as to such securities;

(c) Carrying such securities or causing them to be carried through the mails or in interstate commerce by any means or instruments of transportation for the purpose of sale or delivery after sale, unless and until a registration statement is in effect with the Securities and Exchange Commission as to such securities.

Provided, however, that nothing in the requested injunction shall apply to any security which is exempt from the provisions of Section 5 of the Securities Act of 1933, as amended.