Raymond FEARNEYHOUGH, Lois Fearneyhough, Husband and Wife; Russell Lierly, Ruth Lierly, Husband and Wife; and Triple G Oil Co. Ltd., Plaintiffs,

v.

Deloris McELVAIN and Roy R. Hicks, Defendants.

No. 83–3349.

United States District Court, C.D. Illinois, Springfield Division.

Dec. 5, 1984.

William M. Giffin, Springfield, Ill., for individual plaintiffs.

Howard Z. Gopman, Howard Z. Gopman & Associates, Chicago, Ill., for plaintiff Triple G Oil Co., Ltd.

William S. Hanley, Stephen R. Kaufmann, Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., Springfield, Ill., for defendants.

MEMORANDUM AND ORDER

BUA, District Judge.*

Before the Court is defendants' motion for summary judgment on whether the oil designation.

* The Honorable Nicholas J. Bua, District Judge for the Northern District of Illinois, is sitting by

and gas leases presented here constitute securities as defined in Section 2(1) of the Securities Act of 1933 and in Section 3 of the Securities Exchange Act of 1934. 15 U.S.C. §§ 77b and 78c. For the reasons stated herein, defendants' motion for summary judgment is granted.

## I. FACTS

On October 7, 1981, plaintiffs Raymond and Lois Fearneyhough, landowners who reside in Adams County, Illinois, executed an Oil and Gas Lease with the defendants Deloris McElvain and Roy R. Hicks. Under the lease, defendants were given the right to enter onto plaintiffs' land for the purpose of oil and gas exploration and drilling for a period of one year, or as long as there were wells producing on the land. In exchange for an exclusive leasehold for oil and gas exploration on their land, plaintiffs received one dollar in present consideration and a royalty of one eighth ($\frac{1}{8}$) of all oil or natural gas produced from the land.

Plaintiffs' interest is an "overriding" royalty interest since they were to receive it without any contribution toward the cost of drilling or deduction from the royalty reflecting the cost of drilling. Defendants received the right to explore and drill on the land without paying rent and also received a seven-eighths ($\frac{7}{8}$) interest in all oil or natural gas produced on the land. The lease also provided for its assignment in whole or in part.

On May 25, 1982, defendants executed an assignment agreement with a former plaintiff, Triple G Oil Company, Ltd. of Mundelein, Illinois. In the assignment, defendants conveyed its leasehold rights in a portion of the land subject to the original lease. While plaintiffs allege other assignments between defendants and unknown assignees, the record contains no evidence to support these allegations.

The plaintiffs Russell and Ruth Lierly, landowners who reside in Adams County, Illinois, allege essentially the same facts as plaintiffs Raymond and Lois Fearneyhough. Plaintiffs claim an action under § 10(b) of the Securities Exchange Act and Rule 10b–5 based on defendants' alleged misrepresentations regarding their intentions to commence drilling on plaintiffs' land.

## II. DISCUSSION

A cause of action under § 10(b) of the 1934 Act, 15 U.S.C. § 78j(b), and Rule 10b–5 must allege fraud in connection with the purchase or sale of securities. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 731, 95 S.Ct. 1917, 1923, 44 L.Ed.2d 539 (1975); *Maryville Academy v. Loeb Rhoades & Co., Inc.*, 530 F.Supp. 1061, 1065 (N.D.Ill.1981). Therefore, a 10b–5 action requires both a purchaser and a seller of a security. In the present case, plaintiffs are the sellers of leasehold interests for the development of oil and gas on their land. They allege that the purchasers of the oil and gas interests, the defendants, defrauded them in the purchase of the leasehold interests, which plaintiffs claim are securities. The crucial issue is whether oil and gas leasehold interests are securities when sold in this type of transaction.

The term "security" is defined in section 2(1) of the 1933 Act to include any "investment contract" or any "fractional undivided interest in oil, gas, or other mineral rights," and any "certificate of interest or participation in any profit sharing agreement." 15 U.S.C. § 77b(1). The term "security" as defined under the 1934 Act includes any "certificate of interest or participation in any profit sharing agreement or . . . in any oil, gas, or other mineral royalty or lease" and any "investment contract." 15 U.S.C. § 78c(a)(10). The definition of "security" under the 1933 and 1934 Acts applies to Rule 10b–5 actions. *See, e.g., Tcherepnin v. Knight*, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967). While the definitions of sale and of security are to be liberally construed under the federal securities law, courts have refrained from laying down any hard and fast rules as to what constitutes a security, and instead look to the substance rather than the form of the transaction in making a case-by-case determination. *Ballard & Cordell Corp.*

*v. Zoller & Danneburg Exploration, Ltd.,* 544 F.2d 1059, 1063 (10th Cir.1976).

### 1. *Fractional Undivided Interests*

Plaintiffs argue that any sale of oil and gas interests constitutes a sale of a "security" within the meaning of both 1933 and 1934 Acts. In addition, they contend that an assignment of an interest in an oil and gas lease is clearly a security. Therefore, plaintiffs conclude that the lease between themselves and defendants and the assignment of the leasehold interest between defendants and Triple G qualify as securities under the Acts.

Defendants argue that only the sale of fractional leasehold interests come within the definition of a security. They contend further that the transfer of a whole leasehold interest, though under the terms of the lease the holder may be entitled to only one eighth (⅛) or some other portion of the production, is not considered the transfer of a security. Therefore, defendants conclude that the sale by plaintiffs of the oil and gas rights to their land and the retention of a one-eighth (⅛) royalty interest does not constitute the sale of a security because the plaintiffs sold almost seven eighths (⅞) of the entire leasehold interest to the defendants.

 It is well established that an assignment of a fractional undivided interest in oil and gas rights is a security within the definition of Section 2(1) of the 1933 Act. *S.E.C. v. C.M. Joiner Leasing Corp.,* 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88 (1943). However, not every transaction involving the sale of a fractional undivided interest in oil, gas, and other mineral rights is *ipso facto* the sale of a "security" within the meaning of the Act. *Woodward v. Wright,* 266 F.2d 108, 112 (10th Cir.1959). It was Congress' intent to exclude from the scope of the Act isolated sales or assignments of oil and gas leases or fractional parts thereof to specific persons, and to specifically include as securities "only that form of splitting up of mineral interests which had been most utilized for speculative purposes." *Id.* (quoting from Mr. Justice Jackson's discussion regarding the definition of fractional undivided interests in mineral rights in *S.E.C. v. C.M. Joiner Leasing Corp.,* 320 U.S. at 352, 64 S.Ct. at 124).

Several courts have faced the problem of drawing the line between an isolated sale or assignment of an oil and gas lease to one individual and a scheme wherein one sells or assigns fractional interests to many investors. *Johnsen v. Rogers,* [1982–1983 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 99,072 (C.D.Cal.1982) (security); *Robertson v. Humphries,* [1979–1980 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 97,283 (10th Cir.1980) (no security); *Ballard & Cordell Corp. v. Zoller & Danneburg Exploration, Ltd.,* 544 F.2d 1059 (10th Cir. 1976) (no security); *Parvin v. Davis Oil Co.,* 524 F.2d 112 (9th Cir.1975) (security); *Nor-Tex Agencies, Inc. v. Jones,* 482 F.2d 1093 (5th Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1563, 39 L.Ed.2d 873 (1974) (security); *Lynn v. Caraway,* 252 F.Supp. 858 (W.D.La.1966), *aff'd per curiam,* 379 F.2d 943 (5th Cir.1967), *cert. denied,* 393 U.S. 951, 89 S.Ct. 373, 21 L.Ed.2d 362 (1968) (no security); *Graham v. Clark,* 332 F.2d 155 (6th Cir.1964) (no security); *Woodward v. Wright,* 266 F.2d 108 (10th Cir. 1959) (security); *S.E.C. v. C.M. Joiner Leasing Corp.,* 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88 (1943) (security).

Of these cases, the Court finds *Robertson v. Humphries, supra,* to be dispositive of the present case. In *Robertson,* the plaintiffs conveyed their oil and gas leases for $100,000 to defendant, who was their selling agent. In addition, the plaintiffs retained a one-sixteenth (1/16) overriding royalty interest in the leases. The Tenth Circuit Court of Appeals identified the issue as whether the plaintiffs' retained overriding royalty interest amounts to a fractional undivided interest. The *Robertson* court emphasized that it looked at the substance rather than the form of the transaction in making its finding that the sale of the leases did not involve a security. *Robertson v. Humphries,* [1979–1980 Transfer Binder] Fed.Sec.L.Rep. (CCH)

¶ 97,283 at 96,999. In explaining its finding, the *Robertson* court said:

> Plaintiffs here in one transaction sold the whole of their leasehold interest and retained an override.... The plaintiff did not in fact sell a "fractional interest" in the lease. The override was taken out of the royalty, and was not bought or sold.... As mentioned above, the plaintiff Robertson did not create fractional interests to be sold.

*Id.*

■ In the present case, the plaintiffs are the sellers of a leasehold interest in the oil and gas rights in their own land. In return for selling the entire leasehold interest in their oil and gas rights, plaintiffs received a one-eighth (⅛) royalty interest in any oil or natural gas produced on the leased property. The Court notes that the plaintiffs did not divide up the leasehold interest in oil and gas rights to their land but sold the whole interest to defendants. Therefore, the Court finds that the sale of the entire leasehold interest in the oil and gas rights in plaintiffs' land does not constitute the sale of a security within the meaning of the 1933 and 1934 Acts, notwithstanding the fact that the plaintiffs retained an overriding one-eighth (⅛) royalty interest.

The plaintiffs could also argue that the assignment of a fractional interest in the oil and gas lease to Triple G, which defendants concede is a security, transforms their sale to defendants into a sale of a security. However, this argument is not persuasive since plaintiffs allege defendants' misrepresentations in connection with the sale of their leasehold interest, but not in connection with the subsequent assignment to Triple G.

### 2. *Investment Contract*

Plaintiffs may avoid summary judgment if they show that the leasehold interest sale involves an investment contract. The sale of an entire interest may involve an "investment contract" constituting a "security." *Ballard & Cordell Corp. v. Zoller & Danneberg*, 544 F.2d at 1065–66 (10th Cir. 1976); *see also Lynn v. Caraway*, 379 F.2d

at 944–45. In *S.E.C. v. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946), the Supreme Court said that the test for determining whether a particular transaction constitutes an investment contract is "whether the scheme involves an investment of money in a common enterprise with profits to come solely from the efforts of others." 328 U.S. at 301, 66 S.Ct. at 1104. However, an investment contract must transfer more than a "naked leasehold right" and usually involves additional economic inducements. *Ballard & Cordell Corp. v. Zoller & Danneberg*, 544 F.2d at 1065; *Roe v. United States*, 287 F.2d 435, 437 (5th Cir.), *cert. denied*, 368 U.S. 824, 82 S.Ct. 43, 7 L.Ed.2d 29 (1961).

The case of *Robertson v. Humphries*, *supra*, is dispositive of the investment contract issue in this case. In that case, as discussed above, the plaintiffs sold their entire interest in oil and gas leases and retained an overriding royalty interest. In finding that no investment contract existed, the Tenth Circuit Court of Appeals said:

> It is apparent from the evidence that plaintiffs sold the whole of their fractional interest in the subject oil and gas leases, and provided neither management nor risk capital to finance the venture. The plaintiff, through his reserved overriding royalty, retained no management control in the development of the leases.... The evidence presented below establishes nothing more than the transfer of a leasehold right.

[1979–1980 Transfer Binder] Fed.Sec.L. Rep. (CCH) ¶ 97,283 at 97,000.

■ In the present case, the transaction involved the entire leasehold interest in plaintiffs' oil and gas rights in return for an overriding royalty interest. The plaintiffs provided neither management nor risk capital to finance the exploration. While the plaintiffs arguably met the *Howey* requirement of relying on the efforts of others for expected profits, the Court finds that they did not meet the other *Howey* elements of (1) investment of money (2) in a common enterprise. Therefore, the transfer of plaintiffs' entire leasehold interest in

the oil and gas rights to their land, even though it involved the retention of an overriding royalty interest, does not constitute an investment contract under the *Howey* test and thus is not a security under the federal securities laws.

### III. CONCLUSION

Since it finds that the transfer of the oil and gas lease in this transaction involves neither a fractional undivided interest nor an investment contract, the Court concludes, as a matter of law, that the sale of the leases in this case does not involve the sale of a "security." Therefore, plaintiffs' claims under § 10(b) of the 1934 Act and Rule 10b–5 fail for lack of subject matter jurisdiction under the federal securities laws. Accordingly, defendants' motion for summary judgment on the existence of a "security" and lack of proper jurisdiction under the federal securities laws is granted.

IT IS SO ORDERED.